THOMAS J. ALMY, Respondent, v. JACOB HESS, Appellant.

1. CONTINUANCE.—An order of the court below refusing a continuance will not be reversed unless there has been an abuse of discretion. When an affidavit for continuance contains very little of a definite nature the court should deny a motion for continuance.

2. OPENING JUDGMENT.—Defendant, on motion to vacate a judgment, set up by affidavit that he had gone on a journey, and had been mistaken as to the distance he had to travel and in consequence was detained from court longer than he had anticipated, etc.: *Held*, the court did not commit error in refusing the motion.

Appeal from Third District Court.

Action on two promissory notes, the first dated November 8, 1871, for the sum of $200, due two months from date. The second dated February 5, 1870, for the sum of $2,000, and due one year after date. Suit was commenced on the 29th day of January, 1875, but summons was not served until April 3d thereafter. On the 30th day of October the said cause was regularly called for trial; whereupon defendant's counsel moved for a continuance, basing the motion on an affidavit claiming a meritorious defense, and further alleging that defendant was five hundred miles from the court, and had not been heard from since July preceding; that without the presence of defendant his counsel could not prepare for trial as he did not know defendant's witnesses. The defense to the action was based upon alleged frauds and failure of consideration.

The other facts are stated in the opinion of the court.

*C. H. Morgan*, for appellant.
No brief on file.

*Woods & Gee*, for respondent.
No brief on file.

Thomas J. Almy v. Jacob Hess.

BOREMAN, J., delivered the opinion of the court:

This is an action upon two promissory notes. The defendant answered, and having made his motion for a continuance which was overruled, withdrew his answer. Judgment was taken by plaintiff for the amount of the notes. Afterwards the defendant applied to the court to set aside the judgment because it was excessive and because of grounds specified in defendant's affidavit filed with it.

The excess of judgment was remitted, thus removing one cause for setting aside the judgment.

In the affidavit the affiant alleges that he has a good defense on the merits. Such appears to have been the case as to the $2,000 note. The defense of the statute of limitation is not good, as the plaintiff had a year within which to issue summons after filing his complaint.

There is no ground for this court to say that the court below did not exercise a sound discretion in overruling the application for a continuance. There was very little of a definite nature in the affidavit for continuance for the court to act upon.

The other grounds urged for reopening the judgment is, in substance, that the defendant had made a mistake as to the distance he was to travel on a journey which he had undertaken, and that, as a consequence, he was detained away from the place where the court sat longer than he had anticipated. We are unwilling to say that the court did wrong in overruling the motion to reopen the judgment under such circumstances.

Let the judgment be affirmed with costs.

SCHAEFFER, C. J., and EMERSON, J., concurred.